USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/23/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRENDA H.,

        Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

22-CV-4560 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By motion dated September 17, 2025 (Dkt. 24), plaintiff Brenda H. seeks an order, pursuant to § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), approving an award of attorney's fees to her counsel in this action, Howard D. Olinsky, Esq., in the amount of $5,130.75. This sum represents 25% of the past due benefits payable to plaintiff by the Social Security Administration (SSA), reduced by the $7,200.00 in fees already paid to the attorney who represented her before the agency. For the reasons that follow, I will grant the motion in the amount of $5,130.75. However, upon receipt of the award, attorney Olinsky must refund $1,230.71 to plaintiff, representing the fees previously awarded to him under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

## Background

Plaintiff applied to the SSA for disability benefits in 2020, but the application was denied, and the Commissioner's decision became final on March 30, 2022. *See* Compl. (Dkt. 1) ¶¶ 5-7. On April 25, 2022, plaintiff retained attorney Olinsky to file a civil action in this Court challenging the SSA's decision, and entered into a Retainer Agreement with him. *See* Olinsky Aff. (Dkt. 25) Ex. A (Ret. Ag.). Under the Retainer Agreement, if plaintiff secured a remand from this Court (which she did), and if, on remand, plaintiff secured an award of past-due benefits (which she has),

Olinsky would be entitled to a fee of up to 25% of those past due benefits as compensation for his legal work in this Court. Ret. Ag. at 1.

On June 2, 2022, through attorney Olinsky, plaintiff filed this action, and on November 21, 2022 (after the administrative record was filed but before any motion practice or merits briefing), the parties stipulated to remand the action for further administrative proceedings. (Dkts. 16-17.) The Court so-ordered the remand on November 21, 2022. (Dkt. 18.) On February 24, 2023, the Court awarded $1,230.71 in EAJA fees to attorney Olinsky. (Dkt. 23.)

On remand, the Administrative Law Judge found that plaintiff was disabled as of September 2020. *See* Olinsky Aff. Ex. B. (Not. of Award) at 1. On July 16, 2024, the SSA issued its Notice of Award, *id.*, advising plaintiff that she was entitled to past-due benefits in the amount of $49,323.00, from which the sum of $12,330.75 (25%) was being withheld to cover a possible attorney's fee request. *See* Olinsky Aff. ¶¶ 4-5; Not. Of Award at 2.[1] Olinsky attests that "[p]laintiff's agency attorney" has already received "$7,200 for work at the agency level." Olinsky Aff. ¶ 6. Consequently, plaintiff now seeks $5,130.75 ($12,330.75 - $7,200.00) pursuant to § 406(b) for work performed by attorney Olinsky in this Court. *See* Olinsky Aff. ¶¶ 6-7.

The Commissioner does not object to plaintiff's motion but asks that the Court consider the reasonableness of the requested award, and that it direct plaintiff's counsel to reimburse plaintiff the EAJA fees that he previously received. (Dkt. 28.)

### Legal Standards

The Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess

---

[1] Attorney Olinsky received the Notice of Award via fax on September 8, 2025. Olinsky Aff. ¶ 4; Not. of Award.

2

of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

When considering a motion for attorney's fees pursuant to § 406(b), the court first determines whether it was timely filed, *see Sinkler v. Berryhill*, 932 F.3d 83, 86-90 (2d Cir. 2019), and then reviews the request for reasonableness. *Id.* at 90-91. The "applicable limitations period for filing § 406(b) motions" is the fourteen-day period set out in Fed. R. Civ. P. 54(d)(2)(B). *Sinkler*, 932 F.3d at 87-88. Thus, a § 406(b) fee motion must ordinarily be filed within fourteen days after the plaintiff receives the notice of award from the SSA. *Id*. at 87.

As to reasonableness, the Supreme Court has made it clear that § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Rather, § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. "Factors to be considered when determining whether an award is reasonable include: (a) whether the contingency fee is within the twenty-five percent limit; (b) whether the retainer was the result of fraud or overreaching by the attorney; and (c) whether the attorney would enjoy a windfall relative to the services provided." *Pelaez v. Berryhill*, 2017 WL 6389162, at *1 (S.D.N.Y. Dec. 14, 2017) (quoting *Vaupen v. Colvin*, 2017 WL 2304015, at *2 (S.D.N.Y. May 8, 2017)), *adopted*, 2018 WL 318478 (S.D.N.Y. Jan. 3, 2018).

**Application**

Plaintiff's fee application was filed on September 17, 2025, 9 days after her counsel received the Notice of Award via fax, and is therefore timely.

Turning to the merits, I find that the *Pelaez* factors all weigh in favor of plaintiff's request. The $5,130.75 requested represents 25% of plaintiff's award (after deducting her agency attorney's fees), as authorized by 42 U.S.C. § 406(b)(1)(A), and there is no suggestion in the record that the Agreement was the result of fraud or overreach. Thus, the only remaining question is whether the requested award "is so large as to be a windfall." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

Attorney Olinsky and paralegals at his office spent 8.9 hours working on plaintiff's case at the federal court level. Olinsky Aff. ¶ 9. Although counsel was never required to file a formal brief in this Court, his time records show that he spent approximately 2.9 hours reviewing the record, managing the case, and communicating with opposing counsel. Olinsky Aff. Ex. D, at 2.

The requested $5,130.75 (when adjusted by deducting $600 to account for 6 hours of non-attorney work at an assumed hourly rate of $100) results in $4,530.75 attributable to attorney time. Dividing this amount by the 2.9 hours expended on this action yields a *de facto* hourly rate of $1,562.33. Although it would be difficult to justify such a rate in a social security case "as part of a traditional 'lodestar' analysis, a 'lodestar' analysis does not apply" under § 406(b). *Baron v. Astrue*, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018). "[E]ven a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). Thus, before reducing a § 406(b) fee award on "windfall" grounds, our Circuit requires that the court consider:

4

(i)     the "ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do";

(ii)    "the nature and length of the professional relationship with the claimant – including any representation at the agency level";

(iii)   "the satisfaction of the disabled claimant"; and

(iv)    "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."

*Id.* at 854-55.

Attorney Olinsky is an experienced social security litigator who has represented claimants in district court challenging the final determination of the Commissioner with respect to both disability and non-disability determinations. In this case, on November 21, 2022, Olinsky secured a stipulation remanding the matter to the SSA without the need for further motion practice. Consequently, the "ability and expertise of the lawyers," *Fields*, 24 F.4th at 854, furnishes no basis for reducing the requested fee.

Insofar as the record reflects, Olinsky began representing plaintiff on April 25, 2022, to seek review of the Commissioner's adverse final decision in this Court. Given the successful outcome, followed by a robust award on remand, the Court presumes, in the absence of any contrary evidence, that plaintiff was satisfied with the quality of her representation by attorney Olinsky.

Finally, there is never any guarantee that a contingency case will be successful. "Lawyers who operate on contingency – even the very best ones – lose a significant number of their cases and receive no compensation when they do." *Fields*, 24 F.4th at 855; *see also Wells*, 907 F.2d at 371 ("[P]ayment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."). Here, attorney Olinsky faced an uncertain outcome, but took the case and ultimately won a favorable result for his client.

For these reasons, I conclude that the $5,130.75 now requested does not constitute a prohibited windfall to plaintiff's attorney.

As noted above, the Commissioner asks that I direct plaintiff's counsel to reimburse the plaintiff with EAJA fees previously received by counsel. This proposal is consistent with the approach favored in this Circuit. *See, e.g.*, *Janes v. Berryhill*, 498 F. Supp. 3d 540, 542 (S.D.N.Y. 2020) (noting that where attorney fees are awarded under both EAJA and § 406(b), it has long been the rule that "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (quoting *Gisbrecht*, 535 U.S. at 796). Consequently, I will approve the requested § 406(b) award in the full amount of $5,130.75 and require counsel to refund – to his client – the EAJA funds previously awarded to him.

### Conclusion

For the reasons set forth above, plaintiff's motion (Dkt. 24) is hereby GRANTED. Plaintiff's attorney, Howard D. Olinsky, Esq., is awarded the sum of $5,130.75 as attorney's fees, to be paid out of plaintiff's past-due benefits, from the monies retained by the Commissioner for that purpose. Attorney Olinsky is directed, upon receipt of the § 406(b) award, to refund to plaintiff the EAJA fees previously awarded, in the amount of $1,230.71.

The Clerk of Court is respectfully directed to close the motion at Dkt. 24.

Dated: New York, New York　　　　　　　**SO ORDERED.**
　　　　March 23, 2026

**BARBARA MOSES**
**United States Magistrate Judge**

6